UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:
PETITION OF THOMAS RIECK
AND DIANE RIECK TITLED
OWNERS OF AND FOR A 2003 51'
SEA RAY BOATS HULL
IDENTIFICATION NUMBER
SERP5690H203, HER ENGINES,
TACKLE, AND
APPURTENANCES, FOR
EXONERATION
FROM OR LIMITATION OF
LIABILITY,

Case No: 6:22-cv-454-RBD-EJK

**ORDER**

This cause comes before the Court on Petitioners' Amended Motion for Entry of Order Approving Letter of Undertaking, Issuance of Monition and Injunction, and Directing Clerk to Issue Notice to Claimants of Complaint for Exoneration from or Limitation of Liability (the "Motion"), filed June 16, 2022. (Doc. 8.) For the reasons set forth below, the Motion is denied without prejudice.

On June 8, 2022, the undersigned previously denied the Petitioners' initial Motion for Entry of Order Approving Letter of Undertaking, Issuance of Monition and Injunction, and Directing Clerk to Issue Notice to Claimants of Complaint for Exoneration from or Limitation of Liability (Doc. 5) because Petitioners failed to "clearly state who provided written notice of a claim" or "identify the date or manner

in which notice was received." (Doc. 7 at 3.) In the instant Motion, Petitioners state that the "first written exchange between Petitioners' insurer and any potential claimant took place on November 9, 2021, with Carlos Bravo as the owner of the Dolce Vita." (Doc. 8 ¶ 4.) Petitioners explain that "following an initial telephone call with Petitioner's insurer regarding any potential claim, Mr. Bravo provided Petitioner's insurance company with information concerning his vessel, that was affected by the October 29, 2021 fire." (*Id.*) However, Petitioners fail to clarify whether they have received written notice of a claim, instead stating "[t]o the extent this first written exchange constitutes 'first written notice of claim' . . ." (*Id.*)

The language Petitioners use obfuscates whether they have received written notice of a claim. As such, on these statements alone, Petitioners have not shown that they have "prudential or statutory standing to sue under the [Limitation of Liability] Act." *In re Ryan*, No. 11-80306-CIV, 2011 WL 1375865, at *3 (S.D. Fla. Apr. 12, 2011) ("As one who merely 'anticipates' a claim, plaintiff has not shown himself to be a person who has suffered an injury within the 'zone of interests' intended to be protected by the statute or rule on which the limitation of liability claim is based.").

Accordingly, it is hereby **ORDERED** that the Amended Motion for Entry of Order Approving Letter of Undertaking, Issuance of Monition and Injunction, and Directing Clerk to Issue Notice to Claimants of Complaint for Exoneration From or Limitation of Liability (Doc. 8) is **DENIED WITHOUT PREJUDICE**. Any renewed motion must clearly state the bases for standing under Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* (the "Act"), and otherwise comply with the Act as well as Rule

F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Orlando, Florida on June 24, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE