# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

IN RE:
PETITION OF THOMAS RIECK
AND DIANE RIECK TITLED
OWNERS OF AND FOR A 2003 51'
SEA RAY BOATS HULL
IDENTIFICATION NUMBER
SERP5690H203, HER ENGINES,
TACKLE, AND
APPURTENANCES, FOR
EXONERATION
FROM OR LIMITATION OF
LIABILITY,

**Case No: 6:22-cv-454-RBD-EJK**

## ORDER

This cause comes before the Court on Petitioners' Motion for Reconsideration of Court's Order (the "Motion"), filed July 8, 2022. (Doc. 10.) Upon consideration, the Motion, being construed as a Renewed Amended Motion for Entry of Order Approving Letter of Undertaking, Issuance of Monition and Injunction, and Directing Clerk to Issue Notice to Claimants of Complaint for Exoneration from or Limitation of Liability, is due to be granted.

Petitioners request that the Court reconsider its June 24, 2022, Order denying without prejudice Petitioners' Amended Motion for Entry of Order Approving Letter of Undertaking, Issuance of Monition and Injunction, and Directing Clerk to Issue Notice to Claimants of Complaint for Exoneration from or Limitation of Liability (the

"Order"). (Doc. 9.) In the Order, the undersigned found that Petitioners "fail[ed] to clarify whether they have received written notice of a claim" and that the language they used obfuscated this fact. (*Id.* at 2.) Petitioners now request that the Court reconsider its Order and direct the Clerk of Court to issue the monition and injunction and notice to claimants of the Complaint. (Doc. 10 at 21.)

Although the Order was the second the undersigned entered denying Petitioners' request without prejudice, with the undersigned stating in his first Order that "Petitioners fail[ed] to clearly state who provided written notice of a claim, and they do not identify the date or manner in which notice was received," Petitioners failed to include the arguments made in the instant Motion in their Amended Motion. (Doc. 7 at 2–3.) Therefore, the Court construes the instant Motion as a Renewed Amended Motion for Entry of Order Approving Letter of Undertaking, Issuance of Monition and Injunction, and Directing Clerk to Issue Notice to Claimants of Complaint for Exoneration from or Limitation of Liability.

I. BACKGROUND

On March 3, 2022, Petitioners Thomas and Diane Rieck filed a Complaint alleging they are the owners of a 2003 51' Sea Ray Boats bearing hull identification number SERP5690H203 (the "Vessel"), that was involved in a maritime incident on or about October 29, 2021. (Doc. 1 at 1.) Petitioners allege the Vessel was docked on navigable waters in Daytona Beach, Florida, when the Vessel "caught fire in the early morning hours." (*Id.* ¶ 13.) The Vessel "succumbed to damages and sank[,]" but within hours "a second fire ignited, and Daytona Beach Fire Department was again called to

extinguish the fire (collectively referred to as the 'Incident')." (*Id.*) Petitioners state the Vessel was unoccupied during this time. (*Id.*) Petitioners filed the instant action under the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* (the "Act"), and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (Supplemental Rule F). (*See* Doc. 1.)

II. STANDARD

As the name implies, the Act confines a vessel owner's liability for damages from injuries resulting from a maritime incident to the value of the vessel. 46 U.S.C. § 30505(a); *see also Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1036 (11th Cir. 1996) ("When faced with liability for a maritime accident, a vessel owner may file a petition in federal court seeking protection under the . . . Act."). However, claims for damages or injuries can be limited only if the incident occurred "without the privity or knowledge of the owner." 46 U.S.C. § § 30505(b).

Supplemental Federal Rule of Civil Procedure F sets forth procedures for vessel owners to obtain limited liability for claims under the Act. Rule F directs that the filing of a petition for limitation of liability be made within six months of first written notice of a possible claim from a vessel-related incident. Fed. R. Civ. P. F(1). The vessel owner then must "deposit with the court … a sum equal to the amount or value of the owner's interest in the vessel . . . or approved security therefor. . . ." *Id.* "The posting of proper and adequate security is a condition precedent to obtaining the benefits of the . . . Act . . . and the district court is well within its discretion to require [petitioners] to post security in one of the approved forms." *N.Y. Marine Managers, Inc. v. Helena*

*Marine Serv.*, 758 F.2d 313, 317 (8th Cir. 1985) (internal citation omitted). Moreover, "[t]he Court has an absolute right to determine what constitutes approved security." *Karim v. Finch Shipping Co.*, No. Civ. A. 95–4169, 1998 WL 713396, at *1 (E.D. La. Oct. 6, 1998) (internal quotation marks and citation omitted).

Upon compliance with Rule F(1), the Court must issue a monition directing all potential claimants to file their claim with the clerk of the court. Fed. R. Civ. P. F(4). Concurrently with the monition, the Court can enter an injunction staying all proceedings against the vessel owner stemming out of said incident. Fed. R. Civ. P. F(3).

### III.   DISCUSSION

On review of the record, I find that Petitioners have met the requirements of the Act and Supplemental Rule F. Petitioners allege that they exercised due diligence to make the Vessel seaworthy in all respects, and that they were qualified, properly trained, and experienced in the use and operation of the Vessel. (Doc. 1 ¶¶ 9–12.) Petitioners further state that they timely commenced this action within six months of receiving an initial telephone call from a potential claimant. (Doc. 8 ¶ 4.) And notably, in the instant Motion, Petitioners provide case law to support their argument that the written notice of claim requirement does not bar Petitioners from initiating this limitation proceeding. (*See* Doc. 10 at 12–17) (citing *Martz v. Horazdovsky*, 33 F.4th 1157, 1161 (9th Cir. 2022)). Petitioners also state that they are filing a security for the post-casualty value of the Vessel in the form of a Letter of Undertaking ("LOU"),

although they allege that the value is $0.00.[1] (*Id.* ¶¶ 5–6.) In the LOU, the Boat Liability Supervisor of Geico Marine Insurance Company states that it "agrees to pay and satisfy the final judgment, plus interest at 6% from October 29, 2021, and costs, up to and not exceeding zero dollars and zero cents . . . without prejudice to any Claimant and to obtain a judgment against the Petitioner or Vessel in any amount that any Claimant may obtain." (Doc. 8-1 ¶ 1.)

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Petitioners' Motion for Consideration, construed as a Renewed Amended Motion for Entry of Order Approving Letter of Undertaking, Issuance of Monition and Injunction, and Directing Clerk to Issue Notice to Claimants of Complaint for Exoneration from or Limitation of Liability (Doc. 10), is **GRANTED**. It is further ordered that:

1. Petitioners' Letter of Undertaking (Doc. 8-1) for the value of Petitioners' interest in the Vessel is **APPROVED**. Petitioners and any claimant who may properly become a party hereto may contest the amount of value of Petitioners' interest in the Vessel and pending freight, if any, and may move the Court for due appraisal of said interest and may apply to have the amount of said stipulation increased or decreased, as the case may be, on the determination by the Court of the amount or value of said interest or to carry

---

[1] Petitioners have attached to their Complaint the affidavit of John Killough, a marine surveyor for AFG Claims Service, LLC, in which Mr. Killough states the fair market value of the Vessel after the incident is $0.00. (Doc. 1-3 ¶ 8.)

out the provisions of 46 U.S.C. § 30501 *et seq.* for personal injuries, property damage, or any other claims resulting from the incident that occurred on October 29, 2021, referred to in the Complaint. (Doc. 1.)

2. The Clerk of Court is **DIRECTED** to issue the Monition and Injunction (Doc. 8-3) which advises and admonishes all potential claimants asserting claims for any and all losses, damages, injuries, or destruction allegedly resulting from the Incident, to file their respective claims with the Clerk of Court, United States District Courthouse for the Middle District of Florida, 401 West Central Boulevard, Orlando, Florida, 32801 *and* serve on or mail to the Petitioners' attorneys, Richard J. McAlpin, Tyler J. Tanner, and/or Stephanie Cardelle, McAlpin Conroy, P.A., 80 SW 8th Street, Suite 2805, Miami, FL 33130, a copy thereof **on or before October 10, 2022**, or otherwise be defaulted. All claimants presenting claims and desiring to contest the allegations of the Complaint shall file an answer to the Complaint in this Court and shall serve on or mail to the attorneys for the Petitioners copies thereof, or be defaulted.

3. Petitioners are **ORDERED** to have published, in a newspaper of general circulation in the Daytona Beach area, the Notice of Monition in the form required by Supplemental Rule F, once each week for four successive weeks prior to the date fixed for the filing of claims in accordance with Supplemental Rule F and Local Admiralty Rules 1(e) and 6(a). No later than the date of the second weekly publication, the Petitioners shall mail a copy

of said notice to every claimant known by the Petitioners to have a claim against them arising out of the Incident set forth in the Complaint. Petitioners are **DIRECTED** to file a notice of compliance with this provision.

4. The commencement or further prosecution of any action, suit or proceeding in any court whatsoever, and the institution and prosecution of any suits, actions or legal proceedings, of any nature or description whatsoever, in any court whatsoever, except in these proceedings, with respect to any claim arising out of, or connected with the incident set forth in the Amended Complaint herein, are hereby **STAYED AND RESTRAINED** until the final determination of this proceeding.

5. The service of this Order as a restraining order in this District may be made in the usual manner as any other district of the United States by delivery by the Marshal of the United States for such District of a certified copy of this Order on the person or persons to be restrained or to their respective attorneys, or alternatively, by mailing a conformed copy of it to the person or persons to be restrained or to their respective attorney.

**DONE** and **ORDERED** in Orlando, Florida on August 10, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE