## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**PETITION OF THOMAS RIECK
and PETITION OF DIANE RIECK,**

**Petitioners,**

**v.**                                    **Case No: 6:22-cv-454-RBD-EJK**

**CITY OF DAYTONA BEACH,
DENNIS LEE GORDEN, BERLIN
HOLDINGS, LTD, CASTLE KEY
INSURANCE COMPANY,
CARLOS BRAVO, and BRUCE
SAUER,**

**Defendants.**

### ORDER

This cause comes before the Court on the Motion by Petitioner Diane Rieck to

Substitute for Deceased Petitioner Thomas Rieck (the "Motion"), filed May 3, 2023.

(Doc. 58.) Therein, Diane Rieck requests that she be substituted in place of deceased

Petitioner Thomas Rieck in the above-captioned action. (*Id.*) Claimants Gorden and

Sauer do not object to the Motion (Doc. 59), and no other claimants have filed a timely

response. For the reasons set forth below, the Motion is due to be granted.

Upon the death of a party, Federal Rule of Civil Procedure 25(a)(1) provides as

follows:

> *Substitution if the Claim Is Not Extinguished.* If a party dies and
> the claim is not extinguished, the court may order
> substitution of the proper party. A motion for substitution
> may be made by any party or by the decedent's successor or

> representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1) (emphasis in original).

This case was originally filed by Petitioners on March 3, 2022. (Doc. 1.) On February 2, 2023, counsel for Petitioners filed a Suggestion of Death notifying the Court that Petitioner Thomas Rieck had passed away in June 2022. (Doc. 53.) On May 3, 2023, the Motion to Substitute was filed. (Doc. 58.) Therein, Petitioner Diane Rieck notes that Thomas Rieck passed away intestate but that he intended for Diane Rieck to act as his Representative. (*Id.* at 5–8.)

Petitioner Diane Rieck has not identified any legal interest that she has as successor, representative, or beneficiary. However, the Court acknowledges that Rule 25 is to be construed liberally to allow substitution in cases where the decedent's intent was clear. *Cables v. Smi Sec. Mgmt.*, No. 10-24613-CIV-SEITZ/SIMONTON, 2012 U.S. Dist. LEXIS 195359, at *1 (S.D. Fla. July 16, 2012). Here, it can be inferred that Thomas Rieck intended for his wife, Diane Rieck, to act as his substitute given that Diane Rieck was his sole beneficiary (Doc. 58 at 8), she has a continued interest in this action as a co-petitioner (Doc. 1), they purchased the Vessel as co-owners (Doc. 58-1), and they jointly insured the Vessel (Doc. 58-2).

Accordingly, the Motion by Petitioner Diane Rieck to Substitute for Deceased Petitioner Thomas Rieck (Doc. 58) is **GRANTED**. The Clerk is **DIRECTED** to remove Petitioner Thomas Rieck and amend the case caption accordingly.

**DONE** and **ORDERED** in Orlando, Florida on May 30, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE